Received Time May. 20. 6:34AM

# IN THE CIRCUIT COURT OF
## RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY ) 

      PLAINTIFF )

VS. )    CASE NO. CV 06- _072_

LEXINGTON INSURANCE )
COMPANY

      DEFENDANT )

## CIVIL SUMMONS

NOTICE TO:    Lexington Insurance Company
                100 Summer Street
                Boston, Massachusetts 02110

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, JOHN A. TINNEY, WHOSE ADDRESS IS POST OFFICE BOX 1430, 739 MAIN STREET, ROANOKE, ALABAMA, 36274.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR THINGS DEMANDED IN THE COMPLAINT.

------------------------------------------------------------------------

_____   *TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE:* You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant.

xxx   SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF PLAINTIFF PURSUANT TO THE ALABAMA RULES OF CIVIL PROCEDURE.

| | |
|---|---|
| Date | Clerk |
| Certified mail is hereby requested. | John Tinney |

### RETURN OF SERVICE

_____   Return receipt of certified mail in this office on _____
_____   I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on _____ .
Type of Process Server and Address: _____

**EXHIBIT**

**A**

Received Time May. 20. 6:34AM

## IN THE CIRCUIT COURT OF
## RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY                    )

        PLAINTIFF            )

VS.                              )          CASE NO. CV 06- *072*

LEXINGTON INSURANCE              )
COMPANY
                                            **Filed in Office**
        DEFENDANT            )
                                            MAY    1 2006

                                            KIM S. BENEFIELD
### BILL OF COMPLAINT                       Clerk of Circuit Court

Comes now Plaintiff and would show unto this Honorable Court the

following facts as a basis for the relief hereinafter prayed for:

### STATEMENT OF FACTS

    1.    Plaintiff herein is a resident citizen of Randolph County,

Alabama, and resides at 2930 County Road 59, Roanoke, Alabama.

    2.    Defendant Lexington Insurance Company is a foreign corporation

qualified to do business in the State of Alabama who at all times pertinent

herein have transacted business with the Plaintiff herein in Randolph County,

Alabama.

3.    Plaintiff herein is the owner of Unit 302 West, Four Seasons Condominiums, Orange Beach, Alabama.    Said unit is located at 26072 Perdido Beach Boulevard.

4.    The Defendant herein issued to the Plaintiff through the Gulf Agency in Montgomery, Alabama, Policy No. LE0543377 02 which was a renewal of Policy No. LE0543377 01.  Plaintiff would state that said policy was in full force and effect from October 10, 2003, through October 10, 2004.

5.    Plaintiff would state that in September of 2004 Hurricane Ivan struck the Gulf Coast in southern Alabama and damaged Plaintiff's condo unit to such an extent that windows, doors, walls, and the interior of the same were virtually destroyed.    The damage was so extensive that the unit had to be totally "gutted" to the metal studs for purposes of repair.

6.    Plaintiff would state that by virtue of her ownership of Unit 302 West in the Four Seasons Condominium complex she was subject to the bylaws, rules, and regulations of the Four Seasons Condominium Association.

7.    Plaintiff would further state that due to the extensiveness of the damage caused to Plaintiff's unit and the requirements of the City of Orange Beach certain upgrades were required by the City of Orange Beach pursuant to ordinances enacted by them which required among other matters that hurricane glass to be installed in Plaintiff's unit.

8.    To the best of Plaintiff's knowledge and belief her policy is an occurrence policy and not a claims-made policy.

9.    To the best of Plaintiff's knowledge and belief the Condominium Association maintained coverage on the building.

10.    Plaintiff herein would state that at the time that the Hurricane struck certain portions of the Four Seasons Condominium complex were not covered by insurance. This includes, but is not limited to damages to the common elements such as the swimming pool, deck surrounding the swimming pool and pier which serviced Plaintiff's condominium unit.

11.    To the best of Plaintiff's knowledge and belief the rules, regulations and bylaws of the Condominium Association provided that insurance proceeds received by the Association must be used first for repair and replacement of the common elements of the complex and the balance of the monies then used for repair of the individual units located in the complex.

12.    Plaintiff would state that to the best of her knowledge and belief that in excess of $3,000,000 worth of common elements had no coverage provided by the Association. When monies received by the Association are applied first to payment of common element damage there is not enough money left to repair Plaintiff's unit; hence, Plaintiff has been called upon to pay monies out of her pocket toward repair of the same.

13.    Plaintiff would further state that the insurance policy purchased by the Condominium Association did not provide any coverage for ordinance requirement replacement.    Plaintiff would state that the additional cost to replace Plaintiff's windows due to the ordinance requirement in her unit is $19,363. A portion of this was paid by the Association coverage and a portion was not.

14.    Plaintiff would state that her policy specifically provides under Paragraph 9, Page 5 as follows:

### 9.    GLASS OR SAFETY GLAZING MATERIAL

We cover

(a)    The breakage of glass or safety glazing material which is part of a building, storm door, or storm window, and covered under a, and

(b)    ... Loss for damage to glass will be settled on the basis of replacement with safety glazing material which required by ordinance or law.

15.    Plaintiff would further state that the policy issued by the Defendant to Plaintiff provides the following pertinent coverage:

### COVERAGE A - DWELLING

We cover

(1)    The alterations, appliances, fixture and improvements which are part of the building contained within the "resident premises."

(2)    Items of real property which pertain exclusively to the "resident premises."

(3)    Property which is your insurance responsibility under a corporation or association of property owners agreement.

16.    Plaintiff would state that to the best of her knowledge and belief she will be required to pay in excess of $50,000 to have her unit repaired due to the hurricane damage which will not be covered by association insurance.

17.    Plaintiff has called upon Defendant to pay the same and Defendant has failed and refused to do so.

18.    Plaintiff would also state that as a part of the coverage purchased by her from Defendant she was to have been afforded up to $10,000 for "loss of use" of Plaintiff's unit during the repair period.

19.    Plaintiff has submitted to Defendant numerous bills reflecting charges incurred in connection with the loss of use of Plaintiff's property and the Defendant has failed and refused to pay the same.

## COUNT ONE

### BREACH OF CONTRACT

1.    Plaintiff claims damages from Defendant for loss of use for her condo unit and damages under Coverage A in the amount of $50,000.

2.    Plaintiff has called upon Defendant to pay these damages and Defendant has refused to pay the same.

Received Time May. 20. 6:34AM

3.   Plaintiff would state the Defendant herein has breached its contract with the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums it is entitled to under the pleadings and proof contained herein.

COUNT TWO

BAD FAITH

1.   Plaintiff incorporates the Statement of Facts as Paragraph One of this Complaint.

2,   Plaintiff would state that the Defendant herein has failed and refused to pay Plaintiff damages for code upgrade requirements concerning glass replaced in Plaintiff's unit.

3.   Plaintiff would state that there is no just cause or legal excuse for the Defendant in not paying this element of Plaintiff's damages.

4.   Plaintiff would state that the acts of the Defendant in failing to pay benefits according to the terms of the policy as stated is bad faith on the part of the Defendant.

5.   As a proximate consequence of the bad faith of the Defendant as stated, the Plaintiff has been caused to suffer the following injuries and damages:

Received Time May. 20. 6:34AM

(a)    She has not been paid benefits due under the terms of the policy.

(b)    She has been caused to suffer emotional distress and anxiety over her treatment by the Defendant.

(c)    She has lost the interest on time value of the money which should have been paid to her.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums she may be entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

Plaintiff's claim for damages under Count One and Count Two is for an amount of money that combined would not exceed $74,000.00.


John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
39 Main Street
Roanoke, Alabama  36274
(334) 863-8945

COPY

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY,                        *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        NO. CV-06-072
                                        *
LEXINGTON INSURANCE COMPANY,            *        **Filed in Office**
                                        *
        Defendant.                      *        JUN 2 3 2006

**KIM S. BENEFIELD**
Clerk of Circuit Court

**ANSWER OF DEFENDANT LEXINGTON INSURANCE COMPANY**

        COMES NOW Defendant Lexington Insurance Company ("Lexington"), by and through

undersigned counsel, and answers Plaintiff's Complaint as follows:


                            **STATEMENT OF FACTS**

        1.      Upon information and belief, admitted.

        2.      Lexington admits that it is an insurance company authorized to issue policies in

the State of Alabama, and that it issued an insurance policy to Plaintiff. Lexington denies the

remaining allegations contained in this paragraph and demands strict proof thereof.

        3.      Lexington admits the allegations of paragraph 3.

        4.      Lexington admits issuing Plaintiff Policy No. LE0543377 02, which was in force

from October 10, 2003 through October 10, 2004. Lexington admits that Policy No. LE0543377

02 was a renewal of Policy No. LE0543377 01. Lexington also admits that The Gulf Agency

acted as insurance broker with regard to the original policy and the renewal. Lexington denies

the remaining allegations of this paragraph and demands strict proof thereof.

5.      Lexington admits that in September of 2004, Hurricane Ivan struck the Gulf Coast causing damage to Four Seasons Condominium Complex in Orange Beach, Alabama. Lexington denies the remaining allegations of this paragraph and demands strict proof thereof.

6.      Lexington, upon information and belief, admits the allegations of paragraph 6.

7.      Lexington lacks information sufficient to admit or deny the allegations of paragraph 7 and therefore denies same and demands strict proof thereof.

8.      Lexington admits that the policy issued to Plaintiff covers direct physical loss caused by a covered peril to the insured property, which occurs during the policy period, subject to certain conditions and exceptions. Lexington denies the remaining allegations of this paragraph and demands strict proof thereof.

9.      Lexington, upon information and belief, admits the allegations of paragraph 9.

10.      Lexington lacks information sufficient to admit or deny the allegations of paragraph 10 and therefore denies same and demands strict proof thereof.

11.      Lexington admits that the amendments to the Declaration of Condominium of Four Seasons of Romar Beach provide that when there is damage to both common elements and units, insurance proceeds shall be applied first to the cost of repairing the common elements that enclose and service the units, then to the cost of repairing the other common elements, and thereafter to the cost of repairing the units. Lexington denies the remaining allegations of this paragraph and demands strict proof thereof.

12.      Lexington, upon information and belief, admits that Plaintiff has been assessed her portion of certain expenses relating to repairs for the damages caused to the Four Seasons Condominium Complex by Hurricane Ivan. Lexington denies the remaining allegations of paragraph 12 and demands strict proof thereof.

2

13.    Lexington lacks information sufficient to admit or deny the allegations in paragraph 13 and therefore denies same and demands strict proof thereof.

14.    Lexington admits the insurance policy issued to Plaintiff contains provisions relating to "Glass or Safety Glazing Material" but does not admit that the allegations of this paragraph accurately recite the complete policy language relating to "Glass or Safety Glazing Material." Lexington denies that the language quoted in this paragraph establishes any liability for costs associated with any assessment for "Glass or Safety Glazing Material" imposed on Plaintiff pursuant to the terms and conditions of the condominium association.

15.    Lexington admits that the insurance policy issued to Plaintiff provides coverage for physical loss to the insured dwelling as outlined in paragraph 15 of Plaintiff's Complaint, subject to certain terms, conditions, and exceptions. Lexington denies the remaining allegations of paragraph 15 and demands strict proof thereof.

16.    Lexington lacks information sufficient to admit or deny the allegation of paragraph 16 and therefore denies same and demands strict proof thereof.

17.    Lexington denies the allegations of paragraph 17 and demands strict proof thereof.

18.    Lexington admits that the insurance policy issued to the Plaintiff provided coverage for "loss of use," subject to certain terms and conditions. Lexington denies the remaining allegations of paragraph 18 and demands strict proof thereof.

19.    Lexington denies the allegations of paragraph 19 and demands strict proof thereof.

3

## COUNT ONE

### BREACH OF CONTRACT

1.    Lexington denies the allegations of paragraph 1 of Count One and demands strict proof thereof.

2.    Lexington denies the allegations of paragraph 2 of Count One and demands strict proof thereof.

3.    Lexington denies the allegations of paragraph 3 of Count One and demands strict proof thereof.

## COUNT TWO

### BAD FAITH

1.    Lexington adopts and realleges its responses to each and every allegations contained in paragraphs 1 through 19 above as if set out fully herein.

2.    Lexington denies the allegations of paragraph 2 of Count Two and demands strict proof thereof.

3.    Lexington denies the allegations of paragraph 3 of Count Two and demands strict proof thereof.

4.    Lexington denies the allegations of paragraph 4 of Count Two and demands strict proof thereof.

5.    Lexington denies each and every allegation of paragraph 5 and subparts (a) through (c) of Count Two and demands strict proof thereof.

4

## FIRST DEFENSE

Plaintiff is precluded from recovering because her policy with Lexington only covers loss assessments that are charged during the policy period.

## SECOND DEFENSE

Plaintiff is precluded from recovering to the extent the money she seeks from Lexington exceeds the limits of coverage provided by her policy.

## THIRD DEFENSE

Plaintiff is precluded from recovering because her policy excludes coverage for losses caused by the enforcement of any ordinance or law.

## FOURTH DEFENSE

Plaintiff is precluded from recovering because her policy excludes losses caused by water damage.

## FIFTH DEFENSE

The named insured has not complied with the conditions of the insurance policy, including but not limited to the provision for Appraisal in the event the parties cannot agree on the amount of a loss. Under the terms and provisions of the insurance policy, the named insured is obligated to comply with the Appraisal provision to resolve a dispute over the amount of a loss. The named insured's failure to comply constitutes a breach of the insurance contract; hence the named insured is not entitled to recover for any alleged breach of contract on any other alleged claims, including but not limited to any alleged breach of the duty of good faith, arising out of the handling of the claim by Lexington.

5

## SIXTH DEFENSE

Plaintiff is precluded from recovering because her policy with Lexington is excess over any insurance maintained in the name of a corporation or association of property owners covering the same property that is covered by her policy with Lexington.

## SEVENTH DEFENSE

Lexington has not refused to pay any benefit pursuant to the policy at issue to which Plaintiff was contractually entitled.

## EIGHTH DEFENSE

Plaintiff is not entitled to any damages or benefits beyond those benefits that are outlined in the provisions of the policy at issue.

## NINTH DEFENSE

Venue is improper.

## TENTH DEFENSE

Before the filing of this lawsuit, Plaintiff failed to satisfy her contractual obligations that were the predicate to the payment of any benefits by Lexington under the policy at issue; therefore, Plaintiff's Complaint should be dismissed.

## ELEVENTH DEFENSE

Lexington pleads payment, accord and satisfaction, res judicata, collateral estoppel, ratification, consent, mistake and unclean hands to the extent these defenses apply.

## TWELFTH DEFENSE

Plaintiff is not entitled to recover to the extent that any damages were caused by her failure to mitigate damages.

6

## THIRTEENTH DEFENSE

Insurance companies are the only defendant subjected to punitive damages under Alabama law for breach of the implied duty of good faith which exists in every contract -- thus creating a distinction that is under inclusive and not rationally tailored to accomplish a legitimate state interest; wherefore, the imposition of punitive damages would violate the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and deprive defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution of 1901.

## FOURTEENTH DEFENSE

The imposition of punitive damages against an insurance company for asserting non frivolous legal defenses to an insurance claim violates the "right of access to the courts" and the "right to seek assistance of counsel," as guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution of 1901.

## FIFTEENTH DEFENSE

Plaintiff has asserted tort claims that allow for the imposition of punitive damages in certain cases. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901 because the imposition of punitive damages would violate this defendant's right to substantive due process.

## SIXTEENTH DEFENSE

The imposition of punitive damages under Alabama law would violate the Fourth, Fifth,

Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Articles 1, 6

and 22 of the Alabama Constitution, in each of the following ways:

(a)    Alabama law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, thereby violating the 14th Amendment of the U.S. Constitution.

(b)    Disproportionate punitive damages constitute an arbitrary and capricious taking of property that is unjustified by any rational governmental interest, thereby violating the 5th and 14th Amendments of the U.S. Constitution.

(c)    The award of any punitive damages without specific standards to guide the jury's discretion in determining the amount of damages is contrary to due process under the 14th Amendment of the U.S. Constitution.

(d)    Alabama does not provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment of the U.S. Constitution.

(e)    The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the 14th Amendment of the U.S. Constitution.

(f)    Alabama fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the 5th and 14th Amendments of the United States Constitution.

(g)    Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h)    Alabama law permits joint and several punishment of defendant who are guilty of different acts and degrees of culpability.

(i)    Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

8

## SEVENTEENTH DEFENSE

Alabama's punitive damages law violates the Fifth Amendment guarantee against self-incrimination under the U.S. Constitution because said claim is penal in nature, while defendant is required to disclose documents and/or other evidence against its interest under the rules of discovery and evidence.

## EIGHTEENTH DEFENSE

The award of any damages under the allegations of this Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I Sec. 10 cl. 1, of the United States Constitution and Article I, Section 22, of the Constitution of Alabama, in that the claims are in derogation express terms contained in the insurance policy made basis of this action and contractually agreed upon by defendant and the named insured.

## NINTEENTH DEFENSE

Pursuant to Ala. Code § 6-11-21, there is a cap on the amount of punitive damages recoverable in this action.

## TWENTIETH DEFENSE

The imposition of punitive damages against Lexington in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates Lexington's due process rights as guaranteed by the United States Constitution.

9

## TWENTY-FIRST DEFENSE

The imposition of punitive damages under Alabama's current system fails to provide fair notice to Lexington that the alleged wrongful conduct could subject Lexington to punishment and also fails to provide fair notice of the severity of the punishment that the State could impose through an award of punitive damages. This lack of fair notice violates Lexington's due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages against Lexington in this case, if any, violates Lexington's due process rights as guaranteed by the United States Constitution because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## TWENTY-THIRD DEFENSE

The procedure for determining punitive damages specified under Alabama law violates Lexington's right to due process, and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, because the procedure for determining punitive damages under Alabama law does not provide meaningful guidance to a jury in the determination of an appropriate punitive damages award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive damages verdict.

10

## TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case would violate the Eighth Amendment to the U.S. Constitution as an excessive fine. Also, any award of punitive damages in this case would violate Article I, § 15 of the Alabama Constitution as an excessive fine.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages violates the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article I, §§ 6 and 15 of the Constitution of Alabama by failing to provide clear, distinct, and adequate guidelines as to each of the following: (a) the general standards applicable to such an award; (b) the appropriate and specific standards and/or burdens of proof for such an award; (c) the amount of a punitive award; (d) the appropriate procedures for a punitive award; (e) the appellate standard of review of an award of punitive damages; (f) trifurcation of the proceedings with respect to whether compensatory liability and damages should be imposed, whether punitive damages should be imposed, and what amount of punitive damages should be imposed in order to prevent the inappropriate admission of evidence regarding punitive damages.

## TWENTY-SIXTH DEFENSE

The defendant contends that the limits on punitive damages imposed by Ala. Code § 6-11-21 should apply as a matter of rule and established public policy without alteration or amendment by the Court and that § 6-11-21 is constitutional. The defendant further contends that the principle of deference to the legislature's will should prevail with respect to the limits imposed on punitive damages awards and that any holding that does not so defer violates the separation of powers clauses of the Constitution of the United States and the Constitution of the State of Alabama.

11

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## TWENTY-EIGHTH DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## TWENTY-NINTH DEFENSE

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

## THIRTIETH DEFENSE

Lexington reserves the right to amend its answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

JAMES W. LAMPKIN, II
E-Mail: jwl@alfordclausen.com
WILLIAM C. GRAYSON
E-Mail: wcg@alfordclausen.com
Attorneys for Lexington Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

12

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

John A. Tinney (TIN005)
PO Box 1430
739 Main Street
Roanoke, AL  36274

Done this 21st day of June, 2006.

_____
COUNSEL

13

Received Time May. 20. 6:34AM

# IN THE CIRCUIT COURT OF
## RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY             )

      PLAINTIFF          )

VS.                         )       CASE NO. CV 06-_072_

LEXINGTON INSURANCE      )
COMPANY

      DEFENDANT      )

Filed In Office

MAY 1 2006

KIM S. BENEFIELD
Clerk of Circuit Court

## REQUEST FOR PRODUCTION

Comes now Plaintiff and requests Defendant to produce the filing within the time allowed by the Alabama Rules of Civil Procedure:

1.     Please produce a copy of any and all manuals utilized by you to train claims representatives with respect to handling losses on homeowners' policies similar to that the subject of this Complaint.

2.     Please produce a copy of all correspondence between you and any person, firm or corporation relating to the claim the subject of this litigation. Please include correspondence with any adjusting companies utilized by you with respect to investigating or adjusting Plaintiff's claim at any time.

Received Time Mar. 70. 6:34AM

3.    Please produce a copy of all checks issued to the Plaintiff in conjunction with settlement of any loss on the policy the subject of the litigation.

4.    Please produce the name and address of every person to whom a policy of the same form as that sold to the Plaintiff was sold on the Alabama Gulf Coast and which was in effect as of the date of Hurricane Ivan.

5.    Please produce a copy of the policy the subject of this litigation.

John A. Tinney      TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945

*Served with Summons and Complaint.  Responses due within 45 days of service of process.*

Received Time May. 20.  6:34AM

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY                    )

        PLAINTIFF             )

VS.                               )        CASE NO. CV 06- _072_

LEXINGTON INSURANCE               )
COMPANY

        DEFENDANT            )

**Filed in Office**

MAY   1 2006

## INTERROGATORIES

KIM S. BENEFIELD
Clerk of Circuit Court

Comes now Plaintiff and requests Defendant to answer the following Interrogatories within the time allowed by law:

1.    Please state each and every provision of the policy which makes this a "claims made" policy.

2.    Please state the name, address and telephone number of every person who participated in any decision to deny benefits to the Plaintiff in this case.

3.    Please state each and every reason with specificity why you contend that you do not owe for Code required glass replacement coverage in Plaintiff's unit.

4.    Under the "Additional Coverages" section of Plaintiff's policy Paragraph 1 provides coverage for debris removal. Please state each and every reason with specificity why you would not be responsible to pay what Plaintiff had to pay to her Condo Association for debris removal.

5.    Please state the specific portion or clause in the policy which says for loss assessment coverage to be paid a claim must be filed before the expiration of the policy.

6.    Under the "Additional Coverages" section of Plaintiff's policy, Paragraph 9 provides coverage for glass or safety glazing material. Please state with specificity why you denied paying the Plaintiff for all glass doors and glass windows that had to be replaced which Plaintiff is having to pay for.

7.    Please define the term "loss assessment" as contained in the policy.

John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

*Served with Summons and Complaint. Responses due within 45 days of service of process.*

Received Time May 20. 6:34AM

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY                    )

      PLAINTIFF                    )

VS.                               )          CASE NO. CV 06-_072_

LEXINGTON INSURANCE               )
COMPANY

      DEFENDANT                    )

          Filed in Office

          MAY 1 2006

          KIM S. BENEFIELD
          Clerk of Circuit Court

## REQUEST FOR ADMISSIONS

Comes now Plaintiff and requests Defendant to admit or deny the truth of the following within the time allowed by law:

1.    The policy the subject of this lawsuit is not a "claims made" policy.

2.    The policy the subject of this lawsuit is an "occurrence" policy.

3.    If Plaintiff had been assessed a "loss assessment" relating to the unit insured the subject of this policy on July 10, 2003, in the amount of $5,000, she could have waited until this policy became effective October 10, 2003, and made a claim for the loss assessment she had received on July 10, 2003.

4.    The loss assessment coverage of Plaintiff's policy covers Plaintiff for loss assessments which arise during the policy period.

5.    The loss assessment coverage portion of Plaintiff's policy provides coverage for the Plaintiff for loss assessments occurring as a result of damage to Plaintiff's unit to the during the policy period.

6.    Defendant paid other policyholders for loss assessments claimed by them after their policies ended for damages relating to Hurricane Ivan occurring in the State of Alabama.

7.    Under "Additional Coverages"- Paragraph 9 of the policy Defendant is responsible to pay for damage to glass based on the cost of replacement with safety glazing material which was required by ordinance or law.

John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

*Served with Summons and Complaint. Responses due within 45 days of service of process.*



IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

CECELIA TINNEY,                           *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *        NO. CV-06-072
                                          *
LEXINGTON INSURANCE COMPANY,              *
                                          *
        Defendant.                        *

**Filed in Office**

JUN 2 3 2006

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

**KIM S. BENEFIELD**
Clerk of Circuit Court

Please take notice that Defendant, Lexington Insurance Company, served the following

on all counsel of record:

1.    Lexington's First Request for Admissions; and

2.    Notice of Deposition Duces Tecum – Cecelia Tinney and John A. Tinney.

JAMES W. LAMPKIN, II (LAM012)
E-Mail: jwl@alfordclausen.com
WILLIAM C. GRAYSON (GRA119)
E-Mail: wcg@alfordclausen.com
Attorneys for Lexington Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

John A. Tinney (TIN005)
PO Box 1430
739 Main Street
Roanoke, AL  36274

Done this 21st day of June, 2006.

_____
COUNSEL

2