IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CECELIA TINNEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    NO. _____ |
| | * |
| LEXINGTON INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | * |

## AFFIDAVIT OF ORRIN K. AMES, III

My name is Orrin K. (Skip) Ames, III. I am more than 21 years of age and all statements made in this Affidavit herein are based on my personal knowledge.

1.  I graduated from The University of Alabama, 1966; Cumberland School of Law Samford University, J.D. *cum laude* 1969; and Harvard Law School, LL.M. 1976. While at Cumberland, I served as Editor-in-Chief of the Cumberland Law Review, 1968-1969.

2.  I taught Criminal Law, Criminal Procedure, White Collar Crimes, and Constitutional Law at Memphis State University School of Law (now the University of Memphis School of Law) from 1976 to 1982, and worked in Birmingham for South Central Bell handling general and regulatory litigation from 1982 to 1984.

3.  I am currently a member at Hand Arendall, L.L.C. I practice in the fields of business torts, antitrust, condominium and planned housing litigation, products



EXHIBIT
D

evaluating the amount in controversy here, it is necessary to presume that the

liability, personal injury, insurance coverage, insurance bad faith, and trucking litigation.

4. I have also been retained as an expert witness is several insurance bad faith/coverage cases.

5. I have litigated cases throughout the State of Alabama, including cases in rural counties against out of state corporations. I have also reviewed numerous writings and scholarly articles regarding the tendency of Alabama juries to enter high jury verdicts against out of state corporations.

6. I have been asked to express my opinion as to the amount in controversy in the above styled case, in which the Plaintiff seeks compensatory and punitive damages. The style of the case, as filed in the Circuit Court, is: Cecelia Tinney v. Lexington Insurance Company, (Circuit Court of Randolph County, Alabama, CV 06-072). In rendering my opinions set forth below, I have thoroughly read and studied the complaint and drawn on my experience as set out above.

7. The amount in controversy in any given case is different from the settlement value of a case or the expected value of a legal claim. To determine what is "in controversy" in any case requires a review of the entire range of possible trial outcomes. The single "amount in controversy" in any given case represents the farthest point in that range of possible outcomes and it is represented by an award that a jury might render if it accepts each of the allegations of the Plaintiff and rejects each of the defenses of the Defendant. Therefore, for the purpose of evaluating the amount in controversy here, it is necessary to presume that the Plaintiff can prove to the jury that the Defendant engaged in each of the activities

2

alleged in the Complaint. Correspondingly, it is also necessary to presume that the jury will reject all defenses that the Defendant may offer. Finally, it is also necessary for this evaluation to presume that the Plaintiff will be able to prove that she suffered the full range of damages delineated in her Complaint and, therefore, recover each of the damages elements that the Complaint alleges: both economic damages on proximately resulting from Defendant's actions; damages equal to the level of mental anguish proximately suffered by the Plaintiff; and punitive damages based upon the jury's judgment of the alleged intentional, and/or malicious character of the Defendant's actions.

## Compensatory Damages

8. Based on the above assumptions, in my judgment, the measure of compensatory damages in this case will equal the sum of the economic losses suffered by the Plaintiff along with her damages for the emotional distress suffered when the insurance company refused to pay her claim. It appears from the face of the Complaint that Plaintiff is claiming that she was wrongfully denied $60,000 in insurance benefits.

9. It is not at all uncommon to see damages awarded for mental anguish in bad faith cases exceed damages awarded for the pure economic value of wrongfully denied benefits. Therefore, it is my judgment that the amount in controversy in this action, with respect to compensatory damages alone, including the mental anguish element of compensatory damages, far exceeds $75,000.

## **Punitive Damages**

10. As part of my law practice I frequently review reports of damage verdicts rendered in counties throughout the State of Alabama. I have also reviewed Alabama Supreme Court decisions regarding the imposition of punitive damages.

11. It is well-known, and my review of Alabama decisions and verdicts has confirmed, that, in suits against insurance companies claiming breaches of contracts and bad faith, the punitive damages verdict often exceeds the compensatory damages verdict by a very large multiple. The amount in controversy, of course, must include both the compensatory and punitive damages elements of the verdict that one might expect at trial. The punitive damages amount in controversy will be determined by the jury's evaluation of the reprehensibility and culpability of the Defendant's alleged actions, the need to punish the Defendant, the wealth of the Defendant, and the many other factors that are presented for the evaluation of punitive liability.

12. Based upon my reviews of damages verdicts awarded in Alabama involving allegations of breach of contract and bad faith against out-of-state insurance companies, and my experience, it is my opinion that the amount in controversy in this action involving punitive damages alone exceeds $ 75,000.

## **Conclusion**

13. For the foregoing reasons, it is my judgment that the amount in controversy in this action, including both compensatory damages and punitive damages, unquestionably exceeds $75,000.

4

FURTHER AFFIANT SAYETH NOT.

_____
Orrin K. (Skip) Ames, III

STATE OF ALABAMA

COUNTY OF MOBILE

SWORN TO AND SUBSCRIBED before me this the 29th day of June 2006.

_____
NOTARY PUBLIC
My Commission Expires: 7/6/08

5