IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CECELIA TINNEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NO. 3:06cv596-SRW |
| | * | |
| LEXINGTON INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW, Lexington Insurance Company ("Lexington") by and through undersigned counsel, and responds to Plaintiff's Motion to Remand as follows:

**BACKGROUND**

Plaintiff filed this suit on May 1, 2006 in Randolph County Alabama alleging that Lexington breached their insurance contract with Plaintiff and acted in bad faith by failing to pay all of the benefits owed under a property insurance policy, when her insured beach condo suffered "extensive" damage during Hurricane Ivan. The Complaint specifically requests $50,000 for damages to Plaintiff's dwelling, $10,000 for loss of use of the dwelling, an unspecified amount for mental anguish, and an unspecified amount of punitive damages. The Complaint's contains an *ad damnum* clause which states that Plaintiff's claim for damages does not exceed $74,000. Lexington served requests for admission on Plaintiff on June 21, 2006, which asked Plaintiff to admit that she would not ask the jury for more than $75,000 and that she would not amend her complaint to seek more than $75,000. When Plaintiff refused to unconditionally admit to these requests, Lexington removed the case to this Court. In its Notice

of Removal Lexington demonstrated that it is a legal certainty that the amount in controversy exceeds $75,000. Lexington adopts and incorporates all of the arguments and evidence set out in its Notice of Removal as if set out completely herein.

Plaintiff moved to remand this case back to State Court on July 14, 2006. The Motion to Remand cites no case or statutory law. Instead, the Motion relies on the bare assertion that an affidavit executed by the Plaintiff's lawyer, John A. Tinney, conclusively establishes that Plaintiff did not intend to recover more than $75,000 at the time the suit was filed.

Contrary to Plaintiff's urging, the affidavit is irrelevant to a determination of the amount in controversy and does not conclusively establish Plaintiff's intentions at the time the lawsuit was filed. However, even if the affidavit were relevant and even if it did establish Plaintiff's intentions at the time the lawsuit was filed, it still does not change the fact that the amount in controversy in this case is above $75,000.

## **ARGUMENT**

The affidavit used in support of Plaintiff's Motion to Remand is not relevant to a determination of the amount in controversy and it does not conclusively establish that Plaintiff, Cecilia Tinney, did not intend to recover more than $75,000 at the time the suit was filed, because it is not her affidavit. Instead, it is the affidavit of one of her lawyers in this case, John A. Tinney. The affidavit does indicate that John A. Tinney, at this time, does not intend to ask the jury for more than $75,000. However, this intention does not matter. Plaintiff could always switch lawyers, and any new lawyer would not be bound by this lawyer's statement that he does not intend to ask the jury for more than the Federal jurisdictional minimum. The fact that Plaintiff could switch lawyers is made apparent by the affidavit itself. The affidavit does not say

that John A. Tinney is **the** attorney for Plaintiff. Rather, it states that John A. Tinney is "an"[1] attorney for Plaintiff. The use of the indefinite article "an" indicates that Plaintiff may already have or intends to get other lawyers that are not bound by this lawyer's statements.

In fact, this Court has already acknowledged just this month, that affidavits submitted by plaintiffs' counsel are meaningless and irrelevant to a determination of the amount in controversy and that only an affidavit from the Plaintiff herself would be relevant. *Thornton v. Waffle House, Inc.*, 2006 U.S. Dist. LEXIS 53992, 4 n.3 (M.D. Ala. August 2, 2006). Therefore, this Court should not consider Plaintiff's counsel's affidavit in reaching a determination on the amount in controversy.

However, even if the affidavit were to be considered and even if it did, as Plaintiff urges in her motion, conclusively establish that "at the time this lawsuit was filed, there was no intention on her part to recover in excess of $75,000, exclusive of interest and costs" it would still be of no real consequence to a determination of what the amount in controversy is in this case. It is telling that Plaintiff phrases the argument in her Motion to Remand in such uncertain terms. By stating that she did not intend to seek more than $75,000 "at the time this lawsuit was filed," Plaintiff acknowledges that she will eventually change her intention and seek more. This is also evidenced by her response to Lexington's First Requests for Admission. In Requests 10 Lexington simply asked Plaintiff to admit that she would not amend her complaint to seek more than $75,000. Plaintiff refused to so admit. Instead, she responded that she could not admit to Requests 10 because she did not know what may be discovered in the litigation process. Similarly, in requests 11 Lexington asked Plaintiff to admit that she would not ask the jury for more than $75,000. Plaintiff responded to requests 11 by admitting it "as to evidence currently

---

[1] As the Court is aware the word "an" is an indefinite article meaning "one" or "any." *See e.g.* BLACK'S LAW DICTIONARY 84 (6th ed. 1990).

known," thus reserving her right to demand that the jury return a verdict in excess of this Court's jurisdictional minimum.

Plaintiff could easily amend her Complaint to seek more than $75,000 after the one-year time limit for Lexington to remove the case to Federal Court has expired. Moreover, even if she does not amend her Complaint, she could always ask the jury for more than what is prayed for in the *ad damnum* and they would be free to award it. *See Fuller v. Preferred Risk Life Ins. Co.*, 577 So. 2d 878 (Ala. 1991) (trial court erred in reducing the verdict to the amount stated in the complaint).  Plaintiff's answers to Lexington's requests for admissions demonstrate that Plaintiff is hedging her bets in order to preserve an opportunity to assert a claim exceeding $75,000 at a later time, more than likely more than one (1) year after the filing of the complaint in this action.

In any event, Plaintiff's intention regarding damages is not critical to a determination of the amount in controversy. The test for determining the amount in controversy is an objective one. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir.  1994). "[P]laintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *Id.* The appropriate way to determine the amount in controversy is to assume that all of the allegations made in Plaintiff's complaint are true and that the jury returns a plaintiff's verdict on all claims made therein. *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450 (S.D. Ala. 1997).

Applying the amount in controversy test in this case it is clear to a legal certainty that the amount in controversy exceeds $75,000 taking into account compensatory damages alone. For compensatory damages, Plaintiff's complaint seeks $60,000 in allegedly wrongfully denied benefits and an amount to compensate her for her alleged mental anguish. If Plaintiff prevails in establishing liability the jury **must** return a verdict at least as high as the uncontradicted special damages, as well as **an amount sufficient to make any compensation for pain and mental**

**suffering**. *Shannon v. Miller*, 644 So. 2d 9 (Ala. 1994). The amount awarded for mental anguish damages is often several multiples above the award for other compensatory damages. *See e.g. First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997). In this case, even a modest 1 to 1 ratio of allegedly wrongfully denied benefits to mental anguish damages would yield a compensatory award of $120,000 which is well above this Court's jurisdictional threshold. In the opinion of Skip Ames, who is an expert at assessing case values, the amount in controversy in this case in compensatory damages alone exceeds $75,000. *See,* Affidavit of Ames.

Plaintiff is also seeking an unspecified amount of punitive damages. It cannot be disputed that, under Alabama law, punitive damages may be claimed in actions for bad faith (such as this one), and that juries often award punitive damages far in excess of this Court's jurisdictional threshold. *See e.g. Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001) (Jury awarded compensatory and punitive damages totaling $1,470,000 in a bad faith case where out of pocket damages were only $40,000); *United Services Automobile Ass'n v. Wade*, 544 So. 2d 906 (Ala. 1989) ($3.5 million punitive damage award for bad faith remitted to $2.5 million); *United American Insurance Co. v. Brumley,* 542 So. 2d 1231 (Ala. 1989) ($1 million punitive damage award for bad faith); *State Farm Mutual Automobile Insurance Co. v. Robbins*, 541 So. 2d 477 (Ala. 1989) ($5 million punitive damage award for bad faith remitted to $500,000). Again, if Plaintiff were to receive only a 1 to 1 ratio of allegedly wrongfully denied benefits to punitive damages, she would receive a $120,000 award. It is Skip Ames' opinion that the amount in controversy in this case taking into account compensatory and punitive damages "unquestionably exceeds $75,000." *See*, Affidavit of Ames.

The facts of the instant case are very similar to the facts in *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450 (S.D. Ala. 1997). In *Jackson*, the plaintiff filed a complaint against

several out of state insurance and credit card companies in the Circuit Court of Choctaw County alleging breach of contract, bad faith, fraudulent misrepresentation, and harassment. 976 F. Supp. at 1450. Plaintiff specifically alleged that when she became disabled the defendant insurance companies wrongfully failed to pay her benefits and that the defendant credit card companies harassed her through attempts to collect the outstanding balance on her credit card. *Id.* Plaintiff's complaint contained an *ad damnum* clause that demanded punitive and compensatory damages not to exceed $70,000. *Id.* at 1451. Despite the *ad damnum* clause, the Southern District held that defendant met the legal certainty test by submitting affidavits from experts who opined that based on the allegations in the compliant, and the fact that there were consistently high jury verdicts against out of state defendants in Alabama, the amount in controversy exceeded $75,000. *Id.* at 1452-53.

This case is similar to *Jackson* in that Plaintiff is suing an out of state insurance company in a rural county for breach of contract, and bad faith, in relation to an alleged failure to pay insurance benefits. Furthermore, like the Defendant in *Jackson*, Lexington has put forth expert testimony that the amount in controversy exceeds the jurisdictional minimum. Therefore, this court should follow the precedence of *Jackson* and find that it is a legal certainty that the amount in controversy in this case exceeds $75,000.

## **CONCLUSION**

This Court has jurisdiction over this case. Complete diversity exists between Plaintiff and Lexington and the amount in controversy exceeds $75,000. Lexington should not be deprived of its Constitutional right to a federal forum in this case under Article III of the United States Constitution.

>                    */s/ William C. Grayson*
>                    JAMES W. LAMPKIN, II (LAMPJ7474)
>                    E-Mail:  jwl@alfordclausen.com
>                    WILLIAM C. GRAYSON (GRAYW0062)
>                    E-Mail:  wcg@alfordclausen.com
>                    Attorneys for Lexington Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

     I hereby certify that on August 14, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

     John A. Tinney, Esq.
     P.O. Box 1430
     Roanoke, AL  36274


>                    */s/ William C. Grayson*
>                    COUNSEL