IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA TINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-CV-596 |
| ) | |
| LEXINGTON INSURANCE CO., ) | |
| ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff brought this action in the Circuit Court of Randolph County, Alabama. The defendant removed to this court on the basis of diversity of citizenship. The case is now before this court on the plaintiffs' motion to remand. Upon consideration of the motion and for the following reasons, the court concludes that the plaintiffs' motion is due to be granted.

**I. BACKGROUND**

According to the complaint, the defendant issued a policy to the plaintiff, which covered the plaintiff's condominium against certain types of damage (compl. ¶¶ 4, 14-15). A hurricane damaged the plaintiff's condominium (compl. ¶ 5), and the defendant refused to pay for the damage (compl. ¶ 17). The plaintiff filed this action, saying that the defendant breached the insurance contract (count 1) and did so in bad faith (count 2). The plaintiff stated that the defendant should have paid "over $50,000" for repairs to her condominium (compl. ¶ 16), and that the defendant should also have paid her $10,000 under the policy for

1

loss of use while the repairs took place (compl. ¶ 18).  Under count 1, the defendant demands $50,000 in damages for repairs and loss of use (compl. p. 6).  Under count 2, she demands unspecified damages for emotional distress and anxiety.  The final clause of the complaint reads as follows: "Plaintiff demands judgment against Defendant for all sums she may be entitled to under the pleadings and proof contained herein[,] including compensatory and punitive damages.  Plaintiff's claim for damages under Count One and Count Two is for an amount of money that combined would not exceed $74,000" (compl. p. 8).

The defendant made eleven requests for admission from the plaintiff.  In her responses, the plaintiff admitted that she was not seeking and would not accept over $75,000; and would remit damages over $75,000 to the defendant.  However, the plaintiff refused to admit that she "waived, released, and remitted" all claims in excess of $75,000.  When the defendant asked the plaintiff to admit that she would not amend her complaint to seek damages in excess of $75,000, the plaintiff refused.  She admitted this "with respect to evidence currently known," but said she did not know "what may be discovered in the course of this litigation," and did not admit it with respect to evidence discovered later.  Likewise, the defendant admitted that her attorney would not ask for damages in excess of $75,000 based "on the evidence currently known to the plaintiff," but might ask for larger damages based on evidence discovered later (doc. #1, ex. B, C).

The defendant removed to this court (doc. #1, filed July 5, 2006), stating that the court had jusrisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship). The defendant averred that it was a Delaware corporation with its principal place of business in Massachusetts,

while the plaintiff was an Alabama citizen. The defendant also provided several Alabama cases (doc. #1, p. 8-9) and an affidavit by an experienced attorney (doc. #1, ex. D), in order to show that in cases of this kind, an award of emotional distress and punitive damages, together with actual damages of $60,000, would likely raise the amount in controversy above $75,000.

## II. STANDARD FOR REMAND

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. In "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).

## III. DISCUSSION

The court may assume jurisdiction under 28 U.S.C. § 1332(a) only if the parties are residents of different states and the amount in controversy exceeds $75,000. The parties agree that the plaintiff is an Alabama resident and the defendant is a Delaware corporation with its principal place of business in Massachusetts.[1] Therefore, the issue turns on the

---

[1] Under 28 U.S.C. 1332(c)(1), a corporation is a resident of both the state where it was incorporated and the state where it has its principal place of business.

amount in controversy.

The rule in this circuit is clear: if the defendant explicitly demands less than $75,000, as this plaintiff does, then this court lacks jurisdiction unless the defendant demonstrates *to a legal certainty* that, if the plaintiff prevails, she will receive a larger amount. In other words, an award below $75,000 must be "outside the range of permissible awards." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095-96 (11th Cir. 1994); *Lindsay v. American General Life & Accident Insurance Co.*, 133 F. Supp. 2d 1271, 1273 (M.D. Ala. 2001). In *Burns* and *Lindsay*, the defendants argued that a plaintiff's refusal to admit that he would never accept an award over $75,000 validated their arguments that the amount in controversy exceeded the jurisdictional limit. The Eleventh Circuit and this court rejected this argument, because jurisdiction is based on the facts as they exist at the time of removal, and not on other facts that might arise later. *Burns*, 31 F.3d at 1097 & n.13; *Lindsay*, 133 F. Supp. 2d at 1276. Here, the plaintiff admitted that she would not accept a larger award unless new facts justified it. The defendant's argument, which failed in *Burns* and *Lindsay*, fails here *a fortiori.*

The plaintiff's argument that the demand for emotional distress and punitive damages must raise the amount in controversy over $75,000 likewise fails. Under Alabama law, it is possible for the plaintiff to recover $60,000 in contractual damages without recovering over $15,000 in compensatory and punitive damages, because these damages are not awarded according to a fixed formula, and because the plaintiff can prevail without receiving such damages at all. *Lindsay*, 133 F. Supp. 2d at 1276-77. Representative cases and expert

affidavits of the kind offered by the plaintiff may establish a higher amount in controversy to a preponderance of the evidence (*see Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995)), but do not establish it to a legal certainty. Accordingly, this case is due to be remanded.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion to remand be and hereby is GRANTED. The Clerk of the Court is DIRECTED to take the actions necessary to remand this case to the Circuit Court of Randolph County, Alabama.

DONE, this 25th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE